# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

    Sean and Maria Connor

Chapter 13

Case No.:  18-12941

## REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

1. This request to amend an unconfirmed Chapter 13 Plan supersedes all prior requests to amend the Plan and includes all proposed amendments. Terms not fully stated here or in the original Plan are not part of the Plan.

2. Service: A certificate of service must be filed with this request for plan modification. Designate one of the following:

     __X__    A copy of this proposed modification has been served on the parties (the debtor, the trustee, the United States Trustee and all creditors) as required by Fed. R. Bank. P. 3015(g); or

     ____    A motion requesting limited service is being filed simultaneously with the Court.

3. I request the following amendment of the Chapter 13 Plan filed with the Court:

   SEE ATTACHED

All remaining terms of the original Chapter 13 plan are unaffected. In the event of a conflict between the terms of the original Plan and the terms of this amendment, the terms of this amendment will control.

WHEREFORE, each Debtor requests the Court approve this proposed amendment to the original Chapter 13 Plan.

**Attachment to Request to Amend Unconfirmed Chapter 13 Plan**

3. I request the following amendment of the Chapter 13 Plan filed with the Court:

1. **Section III, A, 1** – Bank of Mauston – Debtors to pay taxes and Insurance directly and explaining terms of loan per attached Order Confirming Debtors' Plan and Amended Chapter 11 Plan filed July 6, 2017.
2. **Section III, A, 4** – Titlemax of IL – Shows terms of payment per Order Confirming Debtors' Plan and Amended Chapter 11 Plan filed July 6, 2017.
3. **Section III, A, 5** – Veros Credit – Shows terms of payment per Order Confirming Debtors' Plan and Amended Chapter 11 Plan filed July 6, 2017.
4. **Section III, A, 6** – Capital One Auto Finance – provides for reduced interest rate per Till v. SCS Credit Corp. 541 U.S. 465(2004).
5. **Section IV, A** – Krekeler Strother Administrative Fees approved per attached Order Approving and Authorizing Payments signed December 29, 2017.  Amount listed as current amount of administrative fees at time of filing of Chapter 13 Case.
6. **Section V, A** – Pay $0 /month – Unsecureds to be paid on pro-rata basis. Debtors figure that unsecured claimants who filed claims will be paid in full.
7. **Section VIII** – Non-Standard Plan Provisions – (adding #4) The amount being paid to secured creditor, Rushmore Loan Management, is based upon a pre-petition loan modification agreement between Rushmore Loan Management and Debtors.

## UNITED STATES BANKRUPTCY COURT, WESTERN DISTRICT OF WISCONSIN

www.wiwb.uscourts.gov

### CHAPTER 13 PLAN (Individual Adjustment of Debts)

| | | |
|---|---|---|
| ☐ | _____ | Original Plan |
| ■ | 1st _____ | Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable) |
| ☐ | _____ | Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable) |

DEBTOR: Sean T. Connor    JOINT DEBTOR: Maria G. Connor    CASE NO.: 18-12941

SS#: xxx-xx- 5080           SS#: xxx-xx-3780

### I.   NOTICES

**To Debtors:**    Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 3015-1, 3015-2, and 3015-3.

**To Creditors:**    Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:**    The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | | | |
|---|---|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ | Included | ■ | Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ | Included | ■ | Not included |
| Nonstandard provisions, set out in Section VIII | ■ | Included | ☐ | Not included |

TO ALL PARTIES:

**Unless otherwise provided for in this plan, the Trustee shall disburse payments in the following order: administrative expenses including trustee and attorney fees, secured claims, priority claims, general unsecured claims.**

### II.   PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees beginning 30 days from the filing/conversion date. Debtor(s) will make payments by employer wage order, unless otherwise specified herein. The payments must be made for the Applicable Commitment Period, either 36 or 60 months, or for a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

| | | | | |
|---|---|---|---|---|
| 1. | $3,634.20 | for | 1 | months; |
| 2. | $5,343.00 | for | 59 | months; |
| 3. | $0.00 | for | | months; |
| 4. | $0.00 | for | | months; |
| 5. | $0.00 | for | | months; |
| 6. | $0.00 | for | | months; |
| 7. | $0.00 | for | | months; |
| 8. | $0.00 | for | | months; |
| 9. | $0.00 | for | | months; |
| 10. | $0.00 | for | | months; |
| 11. | $0.00 | for | | months; |
| 12. | $0.00 | for | | months; |

The total amount of estimated payments to the trustee:   $318,871.20

### B. **DEBTOR(S)' ATTORNEY'S FEE:**    ☐ NONE    ☐ PRO BONO

| Total Fees: | $3500.00 | Total Paid: | $0.00 | Balance Due: | $3500.00 |
|---|---|---|---|---|---|

Payable _____ $0.00 _____ /month (Months _____ to _____ )

---

## III.    **TREATMENT OF SECURED CLAIMS**

### A. **SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

---

**1.** Creditor: Bank of Mauston

Address: PO Box 226
Mauston, WI 53948

Arrearage/ Payoff on Petition Date    $545,966.00

[Select Payment Type]    $3,265.00    /month

Account No.: _____ n/a _____

Other: _____ Payments to be made pursuant to Chapter 11 Plan, Case No. 16-12878 - $3,265 per month *

■ Real Property

  ☐ Principal Residence

  ■ Other Real Property

Check one below for Real Property:

  ☐ Escrow is included in the regular payments

  ■ The debtor(s) will pay    ■ taxes    ■ insurance directly

Address of Collateral:
917 Vine St, WI Dells 53965
530 Washington, WI Dells 53965
924 Vine St., WI Dells 53965

☐ Personal Property/Vehicle

Description of Collateral: *based upon obligation amortized over 25 years (see attached Order Confirming Debtors' Plan and Debtors' Amended Chapter 11 Plan filed July 6, 2017)

---

**2.** Creditor: Rushmore Loan Management

Address: PO Box 55004
Irvine CA 92619-0000

Arrearage/ Payoff on Petition Date    $217,220.55

[Select Payment Type]    $0.00    /month

Account No.: _____ 3012 _____

Other: _____ Pay direct outside of Plan; 1st Mortgage on Debtor's Homestead

■ Real Property

  ■ Principal Residence

  ☐ Other Real Property

Check one below for Real Property:

  ■ Escrow is included in the regular payments

  ☐ The debtor(s) will pay    ☐ taxes    ☐ insurance directly

Address of Collateral:
916 North Avenue
Des Plaines, IL 60016

☐ Personal Property/Vehicle

Description of Collateral: _____

---

**3.** Creditor: Northbrook Loan Management

Address: PO Box 55004
Irvine CA 92619

Arrearage/ Payoff on Petition Date    $210,184.73

[Select Payment Type]    $0.00    /month

| Account No.: | 8853 |
|---|---|

Other: Pay direct outside of Plan; 2nd Mortgage on Debtor's Homestead

☑ Real Property

    ☑ Principal Residence

    ☐ Other Real Property

Check one below for Real Property:

☑ Escrow is included in the regular payments

☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
916 North Avenue
Des Plaines, IL 60016

☐ Personal Property/Vehicle

Description of Collateral:

---

4. Creditor: Titlemax of IL

    Address: 1143 S. Lee St.
                Des Plaines IL 60018

Arrearage/ Payoff on Petition Date   $1,800.00

[Select Payment Type]         $41.00   /month

Account No.:       n/a

Other:   Payments to be made pursuant to Chapter 11 Plan, Case No. 16-12878- $41 per month for 54 months

☐ Real Property

    ☐ Principal Residence

    ☐ Other Real Property

Check one below for Real Property:

☑ Escrow is included in the regular payments

☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:

☑ Personal Property/Vehicle

Description of Collateral: 2005 Chevy Impala (see attached Order Confirming Debtors' Plan and Debtors' Amended Chapter 11 Plan filed July 6, 2017)

---

5. Creditor: Veros Credit

    Address: PO Box 11914
                Santa Ana CA 92711

Arrearage/ Payoff on Petition Date   $5,100.65

[Select Payment Type]         $117.00   /month

Account No.:     4734

Other:   Payments to be made pursuant to Chapter 11 Plan, Case No. 16-12878- $117 per month for 48 months

☐ Real Property

    ☐ Principal Residence

    ☐ Other Real Property

Check one below for Real Property:

☐ Escrow is included in the regular payments

☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:

☑ Personal Property/Vehicle

Description of Collateral: 2002 BMW X5 (see attached Order Confirming Debtors' Plan and Debtors' Amended Chapter 11 Plan filed July 6, 2017)

---

6. Creditor: Capital One Auto Finance

Arrearage/ Payoff on Petition Date   $10,001.90

| Address: P.O. Box 660068 Sacramento CA 95866 | [Select Payment Type] | $0.00 | /month |

Account No.:          2606

Other:          with 6.75% interest, paid pro rata (per Till v. SCS Credit Corp., 541 U.S.465(2004))

☐ Real Property          Check one below for Real Property:
    ☐ Principal Residence          ☐ Escrow is included in the regular payments
    ☐ Other Real Property          ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly
Address of Collateral:

☑ Personal Property/Vehicle

Description of Collateral: 2007 Lincoln Navigator

---

7.  Creditor: Columbia County Treasurer

Address: PO Box 198          Arrearage/ Payoff on Petition Date     $17,389.53
    Portage WI 53901          [Select Payment Type]          $0.00      /month

Account No.:          n/a

Other:          with 12% interest, paid pro-rata

☑ Real Property          Check one below for Real Property:
    ☐ Principal Residence          ☐ Escrow is included in the regular payments
    ☑ Other Real Property          ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly
Address of Collateral:
917 Vine St, WI Dells 53965
530 Washington, WI Dells 53965
924 Vine St., WI Dells 53965
☐ Personal Property/Vehicle
Description of Collateral:

---

**B.  VALUATION OF COLLATERAL:**  ☐ NONE

    IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-1.

    **1.  REAL PROPERTY:** ☑ NONE

    **2.  VEHICLES(S):** ☑ NONE

    **3.  PERSONAL PROPERTY:** ☑ NONE

**C.  LIEN AVOIDANCE** ☑ NONE

**D.  SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

    ☑ NONE

**E.  DIRECT PAYMENTS SECURED CLAIMS:**

    ☐ NONE

■ The debtor(s) elect to make current payments directly to each secured creditor listed below. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Rushmore Loan Management | 3012 | 916 North Avenue Des Plaines, IL 60016 |
| 2. | Northbrook Bank & Trust | 8853 | 916 North Avenue Des Plaines, IL 60016 |

## IV.    TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

### A.   ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE: □ NONE

Name: Krekeler Strother (Approved administrative fees to be made pursuant to Chapter 11 Plan, Case No. 16-12878-see attached Order Approving and Authorizing Payment entered December 29, 2017)

Payment Address: 2901 West Beltline Hwy., Ste. 301, Madison, WI 53713

Total Due:      $33,098.00

Payable      $785.00    /month

### B.   PRIORITY TAX CLAIMS:      ■ NONE

### C.   DOMESTIC SUPPORT OBLIGATION(S): ■ NONE

### D.   OTHER: ■ NONE

## V.    TREATMENT OF UNSECURED NONPRIORITY CREDITORS

   **A. Pay**    $0.00    /month

     Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

   **B.** □ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

   **C.** SEPARATELY CLASSIFIED:    ■ NONE

     *Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

## VI.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES: Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

     □ NONE

     □ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Collateral | Acct. No. | Assume/Reject |
|---|---|---|---|---|
| 1. | Sprint | Cell Phone Contract | N/A | ■ Assume □ Reject |
| 2. | YMCA | Gym Membership | N/A | ■ Assume □ Reject |

## VII.   INCOME TAX RETURNS AND REFUNDS: □ NONE

     ■ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

     □ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 USC 521. If returns are requested, the debtor(s) hereby acknowledge that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case pending.

## VIII.   NON-STANDARD PLAN PROVISIONS □ NONE

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

     1. Debtors' income includes rents and therefore Plan payments should be made directly by Debtors

     2. First Plan payment is for monthly payment owed Bank of Mauston and Trustee fees only

3. Northbrook Loan Management's loan matures on July 15, 2020.  Debtors shall make the regular monthly
   mortgage payments and shall refinance or renew said loan prior to maturity date

4. Amount being paid to Rushmore Loan Management a/k/a Wilmington Savings Fund Society is based upon  a pre-petition loan
modification agreement entered into between Rushmore Loan and Debtors.

☐   Mortgage Modification Mediation

### PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.


_____        _____        _____        _____
                Debtor                           Date                        Joint Debtor                                  Date
Sean T. Connor                                                      Maria G. Connor


_____        _____
Attorney with permission to sign on        12/10/18
Debtor(s) behalf                                   Date

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and
order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan
contains no nonstandard provisions other than those set out in paragraph VIII.**

**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: July 7, 2017**

Hon. Catherine J. Furay
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
**WESTERN DISTRICT OF WISCONSIN**

In re:

SEAN T. CONNOR                                      Case No. 16-12878
MARIA G. CONNOR

Debtors.

**ORDER CONFIRMING DEBTORS' PLAN OF REORGANIZATION**

Upon review of the Debtors' Plan of Reorganization filed February 7, 2017 [Docket No. 50], Debtor's First Amendment to Plan of Reorganization filed April 21, 2017 [Docket No. 77], Debtor's Second Amendment to Plan of Reorganization filed April 24, 2017 [Docket No. 83] Debtor's Third Amendment to Plan of Reorganization filed July 6, 2017 [Docket No. 99] (hereinafter all referred to as "Debtor's Plan"); and upon review of Debtors' Affidavit of Compliance filed on June 16, 2017; and the final confirmation hearing having been held before the Court on June 15, 2017, and all objections to Debtors' Plan having been resolved;

NOW, THEREFORE, IT IS DETERMINED AND ORDERED that:

1.    The Debtors' Plan has been accepted in writing and, on the Court's record, by the creditors, claim holders, and equity security holders whose acceptance is required by law.

2.    The provisions of 11 U.S.C. Chapter 11 have been complied with and the Debtors' Plan has been proposed in good faith and not by any means forbidden by law.

3.    The Debtors' Plan, a copy of which is attached hereto and incorporated herein by reference, is hereby confirmed.

*###*

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WISCONSIN

In re:

Sean T. Connor
Maria G. Connor

Chapter 11
Case No. 16-12878

Debtors.

## *AMENDED* CHAPTER 11 PLAN OF
## SEAN T. CONNOR AND MARIA G. CONNOR *AS AMENDED ON THE RECORD ON*
## ~~DATED FEBRUARY 7, 2017 APRIL 21, 2017 APRIL 24, 2017~~ *JUNE 15, 2017*

Sean Connor and Maria Connor, the debtors and debtors-in-possession herein (the "Debtors"), pursuant to 11 U.S.C. § 1121, hereby set forth the following as their *amended* proposed Chapter 11 plan of reorganization (the "Plan").

## ARTICLE 1
## DEFINITIONS

For the purposes of this Plan, the following terms shall have the respective meanings set for the below:

1.1     "Administrative claim" shall mean a claim for administrative expenses under Section 503(b) of the United States Bankruptcy Code that is an Allowed Claim and is entitled to priority in payment pursuant to Section 507(a)(1) of the United States Bankruptcy Code.

1.2     "Allowed claim" shall mean any Claim, proof of which is filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim with respect to such Claim, or which has been or hereafter is scheduled by the Debtors as liquidated in amount and not disputed or contingent and in either case, a Claim as to which objection to the allowance thereof has been filed within the applicable period of limitation fixed by the Code, the Bankruptcy Rules, or an order of the Court, or (b) as to which any objection has been determined by an order or judgment of the Court allowing such Claim in whole or in part that is no longer subject to appeal, de novo review, or certiorari proceeding, and as to which no appeal, de no review, or certiorari proceeding is pending.

1.3     "Bar Date" shall mean February 1, 2017.

1.4     "Avoidance Actions" shall mean any claims or causes of action of the Debtors' estate under or pursuant to Code sections 544, 545, 546, 547, 548, 549, 550, 551, or 553.

1.5     "Causes of Action" shall mean, whenever arising, all rights, claims, and causes of action accruing to the Debtors or the Trustee, before, on, or after the Petition Date, and not otherwise settled or compromised pursuant to this Plan or otherwise, including, without limitation, all Avoidance Actions.

1.6    "Claim" shall mean any right in existence on the Confirmation Date against the Debtors to (a) payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) an equitable remedy for a breach of performance if the breach would rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.7    "Code" shall mean the Bankruptcy Code, 11 U.S.C. § 101 et seq., and any amendments thereof.

1.8    "Confirmation Date" shall mean the date upon which the order confirming the Plan is entered by the court in accordance with the provisions of Chapter 11 of the Code.

1.9    "Confirmation Order" shall mean the order of the Court confirming the Plan.

1.10    "Court" shall mean the United States Bankruptcy Court for the Western District of Wisconsin in which the Debtors' Chapter 11 case, pursuant to which this Plan is proposed, is pending, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.11    "Creditor" shall mean any person or its assignee that holds a claim against the Debtors for unsecured debts, liabilities, demands, or claims of any character whatsoever, including any under-secured creditors.

1.12    "Debtors" shall mean Sean T. Connor and Maria G. Connor, the Debtors and debtors-in-possession in this Chapter 11 case.

1.13    "Effective Date" shall mean the day that is 15 business days after the Confirmation Order is entered, provided that all conditions to effectiveness of the Plan are satisfied, or else the next business day after all conditions to effectiveness of the Plan are satisfied.

1.14    "General Unsecured Claim" shall mean an unsecured Claim without priority.

1.15    "IRS" shall mean the United States Treasury, Internal Revenue Service.

1.16    "Krekeler Strother" shall mean Krekeler Strother, S.C., counsel for the Debtors in this Chapter 11 Case.

1.17    "Petition Date" shall mean the date on which the Debtors filed a voluntary petition for relief commencing this Chapter 11 case, August 19, 2016.

1.18    "Plan" shall mean this Plan of Reorganization in its present form or as may hereafter be amended, modified, or supplemented in accordance with the terms hereof or in accordance with the Code.

1.19    "Priority Claim" shall mean a Claim entitled to priority under Section 507(a)(8) of the Code.

1.20    "Rule" and "Rules" shall mean the Federal Rules of Bankruptcy Procedure and the local bankruptcy rules as adopted by the Court.

2

1.21   "Secured Claim" shall mean a Claim arising on or before the Petition Date (or thereafter upon approval of the Court) that is secured by a valid Lien on property in which the Debtors' estate has an interest which is not void or voidable under any state or federal law, including the provisions of the Code.

1.22   "Secured creditors" shall mean creditors who hold a lien, security interest, or other encumbrance which has been properly perfected, as required by law with respect to the property owned by the Debtors, prior to the filing of this case, or thereafter as authorized and ordered by the Court.

1.23   "WIDOR" shall mean the Wisconsin Department of Revenue.

1.24   "Reorganized Debtors" shall mean the Debtors after the Plan has been confirmed by the Confirmation Order and after the Effective Date.

1.25   "530 Washington" shall mean the Debtors' 4-unit residential rental property located at 530 Washington Street, Wisconsin Dells, Wisconsin.

1.26   "917 Vine" shall mean the Debtors' single-family residential rental property located at 917 Vine Street, Wisconsin Dells, Wisconsin.

1.27   "924 Vine" shall mean the Debtors' 5-unit residential rental property located at 924 Vine Street, Wisconsin Dells, Wisconsin.

1.28   "Rental Properties" shall mean 530 Washington, 917 Vine, and 924 Vine, collectively.

Terms not defined in this Plan that are defined in the Code shall have the meanings stated in the Code.

## ARTICLE 2
## CLASSIFICATION OF CLAIMS AND INTERESTS

The claims and interests herein are hereby classified as follows:

2.1   Administrative Priority Claims. The costs and expenses of administration of the Debtors' Case, as defined in the Bankruptcy Code, for which application has been made, provided said costs and expenses are allowed, approved and ordered paid by the Court. Such costs include all pre-confirmation fees payable under 28 U.S.C. §1930, which either have been paid or shall be paid on the effective date of the Plan, and all post-confirmation fees as required by law.

2.2   CLASS 1 - The secured claim of Bank of Mauston ("Bank of Mauston").

2.3   CLASS 2 - The secured claim of Federal National Mortgage Association ("Federal").

2.4   CLASS 3 - The secured claim of Northbrook Bank & Trust Company ("Northbrook").

2.5     CLASS 4 - The secured claim of Veros Credit ("Veros").

2.6     CLASS 5 – The secured claim of Titlemax of Illinois, Inc. d/b/a TitleMax ("Titlemax").

2.7     CLASS 6 - The secured claim of Harley-Davidson Credit Corp. ("Harley Davidson").

2.8     CLASS 7 - The secured claim Consumer Portfolio Services, Inc. ("Consumer Portfolio").

2.9     CLASS 8 – The secured claim of the Columbia County (WI) Treasurer (the "Treasurer").

2.10     CLASS 9 – Creditors holding general non-priority, unsecured claims which have not been disputed by the Debtors.

2.11     CLASS 10 – The equity interest of the Debtors, if any.

## ARTICLE 3
## TREATMENT OF CLAIMS AND INTERESTS

The Debtors' Plan provides for payment in full of all allowed administrative, secured, and unsecured claims.  The amortization on these obligations has generally been extended to provide adequate cash flow and to service debt. A copy of the Debtors' monthly cash flow projection is attached hereto as **Exhibit A.** The Debtors' cash flow projection also includes a separate itemization of the Debtors' monthly household expenses and rental property expenses.

**3.1     Administrative Priority Claims.**  Administrative Priority Claims include all costs and expenses of the administration of this chapter 11 case allowed under Section 503(b) of the Code and entitled to priority under Section 507(a)(1) of the Code.  The Plan provides for payment in full of all allowed administrative expenses on the Effective Date, unless other treatment is specifically set forth herein.

The administrative expense claim of Krekeler Strother.  Krekeler Strother agrees that its claims for attorneys' fees and expenses shall be paid in full over a term of three (3) years, with interest at the fixed rate of 3.50% *3.00%* per annum, amortized over three (3) years, and in monthly payments of *$785.00.* to be determined.  The amount of such fees and expenses to be approved is estimated to be $25,000.00 *$27,000.00.*  Such payments, however, shall be made only upon approval by the Court of such administrative expense claims.

As of February 7, 2017, Krekeler Strother incurred unpaid fees and expenses for its services as counsel for the Debtors in the approximate amount of $18,260.70.  Krekeler Strother is not currently holding funds in its trust account from the Debtors. If the Debtors deposit funds in to Krekeler Strother's trust account, such funds shall remain property of the Debtors' bankruptcy estate, and Krekeler Strother shall continue to hold all retainer funds in its trust account until this Court enters an order approving and authorizing payment to Krekeler Strother upon Krekeler

4

Strother's filing of an application for compensation pursuant to the applicable Bankruptcy Code and Rules. *See also, Supplemental Affidavit of Jennifer M. Schank Pursuant to Federal Rules of Bankruptcy Procedure 2014(a) and 2016(b) dated August 29, 2016, and filed as Docket Entry No. 9.*

Fees to professionals, including Krekeler Strother, will continue to accrue through confirmation, and all fees of Krekeler Strother approved by the court will be paid from the bankruptcy estate. The Court will ultimately review and determine the allow ability and amounts of all fees paid or to be paid to professionals.

**3.2   CLASS 1 – The Secured Claim of Bank of Mauston.** Bank of Mauston asserts a secured claim in the approximate amount of $585,729.37, which amount includes accrued interest, attorney's fees incurred, and credit for adequate protection payments made by the Debtors through and including December 9, 2016. As security for the Debtors' obligations, Bank of Mauston asserts validly perfected first-position mortgages in each of the Rental Properties, and a property perfected security interest in the rents, proceeds, and profits from the Rental Properties, pursuant to the pre-petition loan documents between the parties.

In full satisfaction of its secured claim, Bank of Mauston shall be paid the value of its collateral as of the Petition Date, consisting of the Rental Properties, and the rents, proceeds, and profits from the Rental Properties, in the total aggregate value of $558,503.63; which amount shall be paid with interest at *a variable* ~~the fixed~~ rate of 5% per annum, amortized over twenty-five (25) years, to be paid in full over a term of twenty-five (25) years, with monthly payments in the total amount of $3,265.00, which shall be applied to principal and interest, with the first payment due within thirty (30) days of the Effective Date, and each subsequent payment to be made on the 15th day of each month thereafter. ***Bank of Mauston shall be entitled to adjust its interest rate at a rate of prime plus 1.25%, every four (4) years, beginning at nthe 48th month from the Effective Date.  If Bank of Mauston adjusts the interest rate, it shall provide the Debtor with a change of payment notice including the adjusted interest rate and new payment amount, at least 30 days prior to the adjusted payment due date.***

All other terms and provisions contained in the loan documents between the Debtors and Bank of Mauston shall remain in full force and effect. Bank of Mauston shall retain its lien securing this claim until such time as this claim and interest thereon have been paid in full pursuant to the terms of this Plan, at which time Bank of Mauston shall execute documents reasonably necessary to release all liens or security interests in the Rental Properties and the rents, proceeds, and profits from the Rental Properties.

Upon the Debtors' failure to make a required payment to Bank of Mauston, Bank of Mauston shall provide written notice of such failure to the Debtors, which written notice shall be accomplished by an electronic mail (email) to Debtors' counsel at jschank@ks lawfirm.com, with a copy by mail to the Debtors to their mailing address of 916 North Ave. Des Plaines, IL 60016. The Debtors' failure to cure a default in making the required payment within ten (10) days of receipt of notice shall be considered an event of default, and Bank of Mauston shall have the right to file a motion to seek appropriate relief from the Court, to permit it to pursue all of its state court remedies, including realizing on its collateral and collecting amounts due and owing.

Class 1 is an impaired class.

5

**3.3** **CLASS 2 – The Secured Claim of Federal National Mortgage Association ("Federal").** Federal filed its secured claim as Claim Number 17 in the amount of $229,876.12. Federal asserts a properly perfected first mortgage lien upon the Debtors' homestead located at 916 North Avenue, Des Plaines, Illinois, which has a fair market value of $375,000.00 as of the Petition Date (the "Homestead"). The Debtors shall continue to make their regular monthly mortgage payments to Federal when contractually due pursuant to the pre-petition loan documents between the Debtors and Federal. Federal shall retain its lien on the Homestead until such time as Federal's claim has paid in full pursuant to the terms of this Plan, at which time Federal shall execute documents reasonably necessary to release all liens or security interests in the Homestead. The Debtors reserve their right to seek a modification of their obligations to Federal, outside of the terms of this Plan.

**3.4** **CLASS 3 – The Secured Claim of Northbrook Bank & Trust Company ("Northbrook").** Northbrook is a secured creditor by virtue of its second position mortgage on the Homestead, which had an outstanding balance of ~~$214,194.00~~ **$214,193.78.**~~12~~ as of the Petition Date. Northbrook's secured claim, after continuing to credit the Debtors for post-petition payments made, *shall be paid in full with interest calculated at the contract rate of interest through the Effective Date, and subsequently at the fixed rate of 3.75% per annum as of the Effective Date, amortized over thirty (30) years, over a term of three (3) years, in 35 equal payments in the amount of $997.74 and a final balloon payment for the entire outstanding principal, interest, and any other charges then due on the 36th month,* ~~299 equal payments in the amount of $1,000.00~~ *and a final balloon for the entire outstanding principal, interest and any other charges then due on the 300th month,* ~~full with interest at the fixed rate of 5.0% per annum, amortized over twenty-five (25) years, over a term of twenty-five (25) years, with monthly payments of $1,000.00 for 299 months and a final balloon payment of $150,787.49 on the 300th month,~~ with the first payment due within 30 days of the Effective Date, and each subsequent payment to be made on the 15th day of each month thereafter.

Northbrook shall retain its lien on the Homestead until such time as the claim is paid in full pursuant to the terms of this Plan, at which time Northbrook shall execute documents reasonably necessary to release all liens or security interests in the Homestead. The Debtors reserve their right to seek a modification of their obligations to Northbrook outside of the terms of this Plan.

*The Debtors have entered into a Stipulation with Northbrook with respect to the treatment of Northbrook's claim and the obligations of Debtors to Northbrook pursuant to the terms of the loan documents between the Debtors and Northbrook. The terms of the Stipulation are incorporated herein by reference.*

Class 3 is an impaired class.

**3.5** **CLASS 4 – The Secured Claim of Veros Credit ("Veros").** Veros filed its secured claim as Claim Number 5 in the amount of $6,224.47. Veros asserts a properly perfected purchase money security interest in the Debtors' 2002 BMW (the "BMW"). Veros' claim, after continuing to credit the Debtors for any post-petition payments made, shall be paid in full with interest accruing at the fixed rate of 5.0% amortized over five (5) years, over a term of five (5) years, in monthly payments in the amount of $117.00, to be applied to principal and interest, with the first payment due thirty (30) days from the Effective Date, and each subsequent payment to be made on the 15th day of each month thereafter.

6

Veros shall retain its lien on the BMW until such time as the claim has been paid in full in accordance with this Plan, at which time Veros shall execute documents reasonably necessary to release all liens or security interests in the BMW.

Class 4 is an impaired class.

**3.6    CLASS 5 – The Secured Claim of Titlemax of Illinois, Inc. d/b/a TitleMax ("Titlemax"). ").** Titlemax filed a secured claim as Claim Number 3 in the amount of $2,177.90. Titlemax asserts a properly perfected non-purchase money security interest in the Debtors' 2005 Chevy Impala (the "Impala"). Titlemax's claim, after continuing to credit the Debtors for any post-petition payments made, shall be paid in full with interest accruing at the fixed rate of 5.0% amortized over five (5) years, over a term of five (5) years, in monthly payments in the amount of $41.00, to be applied to principal and interest, with the first payment due thirty (30) days from the Effective Date, and each subsequent payment to be made on the 15th day of each month thereafter. Titlemax shall retain its lien on the collateral securing this claim until such time as the claim has been paid in full in accordance with this Plan, at which time Titlemax shall execute documents reasonably necessary to release all liens or security interests in the Impala.

Class 5 is an impaired class.

**3.7    CLASS 6 – The Secured Claim of Harley-Davidson Credit Corp ("Harley Davidson").** Harley Davidson filed a secured claim as Claim No. 20 in the amount of $2,265.32. *However, the debt owed to this claimant will be paid in full by May 2017. Therefore, this claimant will not be paid through the plan, nor receive a voting ballot.* ~~Harley Davidson asserts a properly perfected purchase money security interest in the Debtors' 2005 Harley FLSTCI (the "Harley FLSTCI"). Harley Davidson's claim, after crediting the Debtors for post-petition payments made, is now believed to be in the amount of $1,265.00, and shall be paid in full with interest accruing at the fixed rate of 5.0%, amortized over five (5) years, over a term of five (5) years, in monthly payments in the amount of $24.00, to be applied to principal and interest, with the first payment due thirty (30) days from the Effective Date, and each subsequent payment to be made on the 15th day of each month thereafter. Harley Davidson shall retain its lien on the Harley FLSTCI until such time as the claim has been paid in full in accordance with this Plan, at which time Harley Davidson shall execute documents reasonably necessary to release all liens or security interests in the Harley FLSTCI.~~

~~Class 6 is an impaired class.~~

**3.8    CLASS 7 – The Secured Claim of Consumer Portfolio Services, Inc. ("Consumer Portfolio").** Consumer Portfolio filed a secured claim as Claim No. 8 in the amount of $3,468.76. Consumer Portfolio asserts a properly perfected purchase money security interest in the Debtors' 2003 Acura (the "Acura"). Consumer Portfolio's claim, after crediting the Debtors for post-petition payments made, shall be paid *in the amount of $1,000, the value of its collateral,* with interest accruing at the fixed rate of 5.0%, amortized over five (5) years, over a term of five (5) years, with monthly payments of *$19.00,* to be applied to principal and interest, with the first payment due thirty (30) days from the Effective Date, and each subsequent payment to be made on the 15th day of each month thereafter. Consumer Portfolio shall retain its lien on the Acura until such time as the claim has been paid in full in accordance with this Plan, at which time Consumer

7

Portfolio shall execute documents reasonably necessary to release all liens or security interests in the Acura.

Class 7 is an impaired class.

**3.9    CLASS 8 – The Secured claim of the Columbia County Treasurer (the "Treasurer** The Treasurer filed a secured claim as Proof of Claim No. 12 in the amount of $1,802.71, for unpaid property taxes on the Rental Properties. The Treasurer's claim shall be paid full with interest at the rate of 12% per annum, to be paid in full over a term of three (3) years from the Petition Date, in monthly payments of $75.00, with the first payment due thirty (30) days from the Effective Date, and each subsequent payment to be made on the 15th day of each month thereafter.

Class 8 is an impaired class.

**3.10    CLASS 9 - All general non-priority, unsecured claims.** Class 9 consists of all allowed general non-priority unsecured claims, which total approximately $24,335.39, according to claims scheduled as undisputed, non-contingent, and liquidated or filed proofs of claim. General unsecured claimants shall be paid in full, with interest at the fixed rate of ~~3.5%~~ *3.0%* per annum, amortized over ten (10) years, to be paid in full within ten (10) years, in equal monthly payments of $235.00, with the first payment to be paid within 30 days of the Effective Date of this Plan, and then paid on the 15th day of each month thereafter. The claimants in Class 9 shall share pro rata in the monthly distributions.

*~~In the alternative, any creditor in this class may elect to receive a lump sum payment equal to thirty percent (30%) of its total claim, which lump sum payment shall be paid on or before September 30, 2017. In exchange, any unsecured creditor electing such treatment of its claim shall fully and finally release the Debtors from any continuing liability for such claim.~~*

The return to unsecured creditors if Debtors' assets were liquidated is difficult to determine; however, due to the perfected pre-petition liens of the Debtors' secured creditors, the Bank, and the anticipated costs of liquidation and the depressed prices usually obtained under forced-sale circumstances, unsecured creditors would likely receive little if any distribution in a liquidation scenario. However, under the Plan, unsecured creditors shall be paid in full over a period of ten (10) years.

Payments to Class 9 are amortized over a term of ten (10) years to provide the Debtors with adequate cash flow to service their secured debts. The Debtors' rental business is seasonal and cyclical, largely due to its contract with Smart Staff, and its cash flow could be affected, negatively or positively, for a number of reasons, including changes in its contract with Smart Staff, real estate market fluctuations, and demand for the Debtors' Rental Properties.

Class 9 is an impaired class.

**3.11    CLASS 10 -** The equity interest of Debtors, if any, shall be retained by them, same being of nominal or no value to creditors.

8

## ARTICLE 4
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

4.1     Any and all executory contracts or unexpired leases to which the Debtors were parties as of the Petition Date shall be deemed rejected as of the Effective Date, *except* with respect to the following parties:

4.1.1   Smart Staff, LLC d/b/a All Friends.   The Confirmation Order shall authorize and approve the Debtors' assumption of the Debtors' current lease/contract with Smart Staff, LLC, for rental units owned by the Debtors. No amount is required to cure any outstanding defaults under this contract.

4.1.2   Sprint.   The Confirmation Order shall authorize and approve the Debtors' assumption of their cellular phone leases with Sprint.  No amount is required to cure any outstanding defaults under the Debtors' lease agreement with Sprint.

4.1.3   YMCA.   The Confirmation Order shall authorize and approve the Debtors' assumption of their gym contract with the YMCA.  No amount is required to cure any outstanding defaults under the Debtors' lease agreement with the YMCA.

4.1.4 Residential Leases. The Confirmation Order shall authorize and approve the Debtors' assumption of all current residential leases with tenants at the Rental Properties, including Mary and Kelly Swan and Oscar Rubio and Juan Sparza.

## ARTICLE 5
## IMPLEMENTATION OF THE PLAN

5.1     To effectuate the proposed Plan, the Debtors shall continue their operations in the residential rental business, and Sean and Maria shall continue their employment with their current employers.  The Debtors will utilize profits, revenues, income from operations, income from employment, and cash on hand on the Effective Date.

5.2     The Debtors shall retain all property of the estate, no transfer of estate property being anticipated at this time except as may be particularly set forth herein. The Debtors reserve the right to sell or transfer any of their property, with the proceeds to be distributed to lien holders according to their priorities.

5.3     All outstanding judgment liens, if any, shall be satisfied upon the Effective Date of the Plan, and all pending suits shall be dismissed, except as particularly set forth herein.

5.4     Interest on all allowed secured claims shall commence upon the Effective Date of the Plan.

5.5     Unless otherwise expressly set forth herein, payments to creditors under the Plan shall commence within 30 days from the Effective Date of this Plan.

5.6    The Debtors may prepay any amount to any Class at any time without penalty.

5.7    No distributions of under $5.00 shall be made by the Debtors, and no payments shall be made on claims under that amount. Any distribution checks which have not been negotiated and cleared six months after their distribution may be cancelled by the Debtors without further liability for that distribution.

5.8    All distributions shall be mailed to creditors at the addresses shown on the Debtors' schedules, except those creditors who have filed Proofs of Claim or notices of appearance in this action shall have their distribution checks sent to the addresses shown on those documents. Any creditor may change the address for mailing of its distribution check by written notice to counsel for the Debtor. Any distribution checks properly sent to such addresses which are returned shall become the property of the Debtors without further liability for such distributions.

5.9    Confirmation of this Plan shall not preclude or estop the Debtors from pursuing any claims of the estate, including any Avoidance Actions, nor any other claims against any of the Debtors' creditors for offset.

5.10    The Reorganized Debtors.  The Debtors shall emerge from Bankruptcy as the Reorganized Debtors, with all of the rights, powers, duties and obligations as set forth below.

  (a)  Vesting of all Property.  Except as expressly provided in this Plan, on the Effective Date, all assets of the Debtors' Bankruptcy Estate shall vest in the Reorganized Debtors.

  (b)  Governance, Powers and Duties.  On and after the Effective Date, the Reorganized Debtors may operate their business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and the Court. The Reorganized Debtors shall also have the powers, duties, and obligations set forth in this Plan. On and after the Effective Date, all actions required of the Debtors shall be taken by the Reorganized Debtors, or its designee, in the name of and on behalf of the Debtors and their bankruptcy estate. The Reorganized Debtors shall be authorized to execute documents on behalf of the Debtors and their bankruptcy estate. The duties, responsibilities and obligations of the Reorganized Debtors include, but are not limited to, all matters for which the Court is retaining jurisdiction, including the following:

  • making Distributions under the Plan;

  • preparation and filing of tax returns, on behalf of the Debtors, their bankruptcy estate, including the right to request a determination of tax liability as set forth in Section 505 of the Bankruptcy Code;

  • requesting and receiving of W-9 federal tax forms for any party who is entitled to receive a distribution on account of a Claim or Interest;

10

- prosecution and resolution of Causes of Action, if any, including any Avoidance Actions;

- Claims objections and reconciliation;

- payment of any post-confirmation fees due to the Office of the United States Trustee; and

- The compromise and settlement of Claims, Causes of Action, and other proceedings and matters.

(c) Attorney Client Privilege to Extend to Reorganized Debtors. The Reorganized Debtors shall stand in the same position as the Debtors with respect to any right the Debtors may have to an attorney-client privilege, the work product doctrine, or any other privilege against production, and the Reorganized Debtors shall succeed to all of the Debtors' rights to preserve, assert or waive any such privilege.

(d) Retention of Professionals. The Reorganized Debtors may retain such attorneys (including special counsel), accountants, advisors, expert witnesses, and other professionals as they shall consider advisable without necessity of approval of the Court. Persons who served as professionals to the Debtors prior to the Effective Date may serve as professionals to the Reorganized Debtors. The fees and expenses of the Reorganized Debtors and professionals retained by them shall be paid by them in the ordinary course of business and without Court review or approval.

(e) Causes of Action Retained and Preserved.  All causes of Action that are not otherwise compromised, settled, released or waived pursuant to the terms of this Plan shall be retained by the Reorganized Debtors and preserved. Except as otherwise expressly provided in the Plan, the Reorganized Debtors retains all rights, claims, defenses, setoffs, recoupment, and causes of action the Debtors or their estate may have against any third parties, and may pursue and/or enforce such retained rights, claims, defenses or causes of action in accordance with applicable non-bankruptcy law.

(f) Capital Gains Taxes. Any taxes payable on capital gains realized by the Debtors as a result of the disposition of certain assets under the Plan, or by any person or entity contributing assets to the Debtors under the Plan, shall be paid when and as they become due. The Debtors reserve the right to change the contemplated structure of the Reorganized Debtors, including the ability to decline any assets that would be transferred to them under this Plan, in order to minimize the overall tax liability; provided, that such changes shall not relieve the Debtors from the obligation to treat Claims as provided in Article 3.

11

(g) Bar Date and Resolution of Claims.  All holders of Contested Claims, including unpaid Administrative Claims and professional fees, must file with the Court their final applications for allowance of compensation for services rendered and reimbursement of expenses incurred through the Confirmation Date within ninety (90) days after the Confirmation Date and in accordance with the substantive and procedural requirements in the Bankruptcy Code. The Reorganized Debtors shall be responsible for the resolution of Claims, and shall have standing to object to the allowance of any Claim and to assert and prosecute any counterclaim relative thereto (without prejudice to any right of any other party in interest to do so under applicable law). All such objections and counterclaims shall be filed within one-hundred twenty (120) days after the Confirmation Date, or within such further time as may be fixed by the Court on motion of the Reorganized Debtors filed within such 120-day period.

(h) Unresolved Claims.  If on a date on which payments are made on account of the Allowed Claims of a given class, there exist any Unresolved Claims in such class, the amount of cash distributed to holders of Allowed Claims in that class shall be determined as if all Unresolved Claims were Allowed Claims in the full amount claimed by the holders thereof (or in such lesser amount as the Court determines by Final Order) and the Reorganized Debtors shall, in such circumstances, hold in a separate reserve account the cash that would have been distributed to the holders of the Unresolved Claims for such class if the full amount of their Claims, or such lesser amount as the Court determines, were Allowed Claims on such distribution date. Interest earned on cash in the reserve account shall likewise be added to the balance of the reserve account, which shall be shared pro rata among the Claims of such class in accordance with the terms of this Plan.

To the extent that an Unresolved Claim becomes an Allowed Claim after payments are made on account of Allowed Claims in such class, the Reorganized Debtors shall, as soon as practicable thereafter, distribute to the holder of the newly Allowed Claim the amount of cash that such holder would have received to date had its Claim been an Allowed Claim as of the Effective Date. To the extent that all or a portion of any Unresolved Claims are disallowed, as part of the next distribution, the Reorganized Debtors shall distribute to each holder of an Allowed Claim, and reserve for each remaining Unresolved Claims in the same class as such disallowed Claims, a pro rata share of the amount held in reserve for the disallowed portion of the Unresolved Claims.

## ARTICLE 6
## RETENTION OF JURISDICTION BY THE COURT

After the Confirmation Date, the Court may retain jurisdiction, and if the case is closed reopen it, for the following purposes, or as otherwise permitted by law:

6.1     Objections to Claims. To hear and determine any objections to the allowance of Claims, and requests for the estimation or liquidation of Claims.

6.2     Fee Applications. To hear and determine any and all applications for compensation of professional services and disbursements.

6.3     Avoidance Actions. To hear and determine any Avoidance Action or other proceedings to set aside (or preserve for the benefit of the Estate) or recover any property under applicable provisions of the Bankruptcy Code or other federal or state law.

6.4     Recover Estate Assets. To recover all assets of the Estate, wherever and however located.

6.5     Pending Matters. To hear and determine any pending applications, motions, adversary proceedings, and other contested matters not resolved by the Plan.

6.6     Modification of Plan. To modify the Plan to the extent permitted by the Plan and the applicable provisions of section 1127 of the Bankruptcy Code.

6.7     Enforcement of Payments, Rights, and Interests. To enforce the terms and provisions of payments, rights, and interests required or created by the Plan.

6.8     Executory Contracts and Unexpired Leases. To hear and determine all Claims or controversies arising from the assumption or the rejection of any executory contracts or unexpired leases and to consummate their assumption or the rejection.

## ARTICLE 7
## CLOSING AND REOPENING OF THE CASE

7.1     Closing. Upon substantial consummation of the Plan, the Debtors may apply for an order closing the case under section 350(a) of the Bankruptcy Code. The Plan shall be deemed to be substantially consummated after (a) the order confirming the Plan has become final; (b) the Debtors or the Reorganized Debtors have assumed the business of the management of the property dealt with by the plan; (c) payments under the Plan have commenced, and (d) all motions, applications, contested matters, and adversary proceedings have been finally resolved.

7.2     Reopening. The case may be reopened pursuant to Bankruptcy Code § 350(b) to administer assets, to grant the Debtors other relief, to seek conversion or dismissal upon occurrence of a subsequent material default under the plan, to hear and resolve any matter or proceeding over which the Court has retained jurisdiction, or for other cause.

## ARTICLE 8
## OTHER REQUIRED PROVISIONS

8.1     Any payments made or to be made by the Debtors for services or for costs and expenses in connection with this case, or in connection with the Plan and incident to this case, have been approved by, or are subject to the approval of the Court, as reasonable.

8.2     All quarterly fees payable under 28 U.S.C. Section 1930 shall be paid on or before the effective date of the Plan, as required by 11 U.S.C. Section 1129(a)(12). The reorganized Debtors shall continue to file quarterly fee statements and pay quarterly fees when due until this case is converted, dismissed, or closed. The Bankruptcy Court shall retain jurisdiction necessary to enforce the provisions of this paragraph.

8.3     Confirmation of this Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under this Plan.

8.4     The Debtors have no retirement benefits which are required to be continued under 11 U.S.C. Section 1129(a)(13).

## ARTICLE 9
## CONCLUSION

The proposed Plan set forth herein reflects the Debtors' best efforts to reorganize in an orderly fashion. The Plan attempts to provide full payment to secured creditors and a substantially greater dividend to unsecured creditors than they are likely to receive if Debtors liquidate their assets.

This Plan deals fairly and equitably with all of the creditors involved and approval of this Plan is in the best interests of the Debtors' creditors.

Dated: July 6, 2017.

Krekeler Strother, S.C.

By: _____
Jennifer M. Schank, State Bar No. 1077110
Eliza M. Reyes, State Bar No. 1030764

*Attorneys for Sean T. Connor and*
*Maria G. Connor*

2901 West Beltline Hwy, Suite 301
Madison, WI 53713
Phone:  608-258-8555
Fax:  608-258-8299
jschank@ks-lawfirm.com
ereyes@ks-lawfirm.com

**THIS ORDER IS SIGNED AND ENTERED.**

**Dated: December 29, 2017**

Hon. Catherine J. Furay
United States Bankruptcy Judge

---

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WISCONSIN

*In Re:*

Sean T. Connor,
Maria G. Connor,

Case No. 16-12878

Debtors.

---

**ORDER APPROVING AND AUTHORIZING PAYMENT OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO KREKELER STROTHER, S.C. INCURRED AS
ATTORNEYS FOR THE DEBTOR FOR THE PERIOD AUGUST 19, 2016 THROUGH
OCTOBER 31, 2017AS ATTORNEYS FOR
SEAN T. CONNOR AND MARIA G. CONNOR**

---

Krekeler Strother, S.C.'s Interim Application for Allowance of Compensation and
Reimbursement of Expenses Incurred as Attorneys for the Debtor for the Period of August 19,
2016 through October 31, 2017 (the "Application") having been filed; and the Court finding that:
(a) Notice of the Application was proper and sufficient under the circumstances; (b) no objection
and/or request for hearing having been filed, by any parties in interest; (c) the payment of such
fees and expenses requested in the Application appearing to be appropriate and reasonable; and
(d) All payments made pursuant to this Order are subject to final review by the Court as part of a
final fee application process at the close of this case, and any fees paid pursuant to this Order are
subject to recoupment

**IT IS HEREBY ORDERED** that the attorneys' fees and disbursements set forth in
Interim Application incurred for the period August 19, 2016 through October 31, 2017, in the
amount of $36,511.93 for fees and the amount of $511.05 for disbursements, for a total amount
of $37,022.98 is hereby approved and payment thereof is authorized to Krekeler Strother, S.C.

###

In Re:

      Sean T. Connor                    Case No. 18-12941
      Maria G. Connor

          Debtors

## NOTICE OF DEBTORS' REQUEST TO AMEND UNCONFIRMED CHAPTER 13 PLAN

      **PLEASE TAKE NOTICE** that the above-named Debtors, Sean and Maria Connor, by their attorneys, Krekeler Strother, S.C., have filed papers with the Court requesting to amend their unconfirmed Chapter 13 Plan, a copy of which is attached hereto and incorporated herein.

      **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to eliminate or change your claim, then on or before **twenty-one days (21 Days)** from the date of this Notice you or your attorney must:

      File with the court a written objection and request for hearing, explaining your objection to Debtors' Request to Amend Unconfirmed Chapter 13 Plan at:

United States Bankruptcy Court
120 North Henry Street
Madison, WI 53703

      If you mail your objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

      You must also mail a copy to:

Attorney Kristin J. Sederholm
Krekeler Strother S.C.
2901 W. Beltline Hwy., Suite 301
Madison, WI 53713

U.S. Trustee
780 Regent Street, Suite 304A
Madison, WI 53715

If you or your attorney does not take these steps, the court may decide that you do not oppose the Debtors' Request to Amend Unconfirmed Chapter 13 Plan and, therefore, may enter an order granting said Amended Chapter 13 Plan.

Dated this 10th day of December, 2018.

KREKELER STROTHER, S.C.

By: _____
       Kristin J. Sederholm
       State Bar No. 1001895
       Attorneys for Debtors,
       Sean and Maria Connor

**ADDRESS:**
2901 W. Beltline Hwy., Suite 301
Madison, WI 53713
(608) 258-8555

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In Re:

Sean T. Connor                              Case No.  18-12941
Maria G. Connor

        Debtors

## AFFIDAVIT OF MAILING

STATE OF WISCONSIN    )
                      ) ss.
COUNTY OF DANE        )

The undersigned, being first duly sworn on oath, deposes and says that on the 10th day of December, 2018, the undersigned electronically filed with the U.S. Bankruptcy Court Western District the Debtors' Request to Amend Unconfirmed  Chapter 13 Plan, and Notice of Request to Amend Unconfirmed  Chapter 13 Plan and the following received Notice vie ECF:

Office of the United State Trustee          Trustee Mark Harring
780 Regent Street, Suite 304A               131 W Wilson St Ste 1000
Madison, WI  53715                          Madison, WI 53703-3260

The undersigned, being first duly sworn on oath, deposes and says that on the 10th day of December, 2018, the undersigned mailed, properly enclosed in a postpaid envelope, a copy of the Debtors' Request to Amend Unconfirmed  Chapter 13 Plan, and Notice of Request to Amend Unconfirmed  Chapter 13 Plan to all on the attached list and to:

Sean and Maria Connor
916 N. Avenue
Des Plains, IL 60016

                                    _____
                                    Eddie Sanchez

Subscribed and sworn to before me
This 10th day of December, 2018.

_____
Rebecca Isige, Notary Public,
State of Wisconsin
My commission expires:  8/16/2021

Office of the United States Trustee
780 Regent Street
Suite 304
Madison, WI 53715

United States Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Wisconsin Department of Revenue
ATTN: Bankruptcy Unit, MS 5-144
P.O. Box 8901
Madison, WI 53708

Wisconsin Dept. of Workforce Development
Workers' Compensation
P.O. Box 7948
Madison, WI 53708-8191

US Attorneys Office for the Western
District of Wisconsin
222 West Washington Avenue
Suite 700
Madison, WI 53703

Alliant Energy
4902 N. Biltmore Ln. Suite 1000
P.O. Box 77007
Madison, WI 53707-1007

AmeriCash Loans, LLC
PO Box 184
Des Plaines, IL 60016

Attorney Kara Allen
Chuhak & Tecson, P.C.
30 S. Wacker Dr., #2600
Chicago, IL 60606

Attorney Thomas J. Casey
Curran, Hollenbeck & Orton, S.C.
111 Oak Street
P.O. Box 140
Mauston, WI 53948-0140

Bank of Mauston
P.O. Box 226
503 State Road 82 East
Mauston, WI 53948

Capital One
P.O Box 30253
Salt Lake City, UT 84130

Capital One Auto Finance
P.O. Box 660068
Sacramento, CA 95866

Capital One Auto Finance
7933 PReston Road
Plano, TX 75024-2302

Capital One Auto Finance
c/o AIS Portfolio Services LP
4515 N Santa Fe Ave.  Dept. APS
Oklahoma City, OK 73118

Charter Communications
2701 Daniels Street
Madison, WI 53718

Columbia County Treasurer
PO Box 198
Portage, WI 53901

ComEd
PO Box 6111
Carol Stream, IL 60197

Frontier
100 Communications Dr.
Sun Prairie, WI 53590

Gray & Associates
16345 W. Glendale Drive
New Berlin, WI 53151-2841

Kohl's
c/o Becket & Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Krekeler Strother, S.C.
2901 West Beltline Hwy, Suite 301
Madison, WI 53713

Northbrook Bank & Trust Company
1100 Waukegan Road
Northbrook, IL 60062

Opportunity Loans
130 E. Randolph St. Suite 1650
Chicago, IL 60601

PRA Receivables Management, LLC
assignee of JCP Credit Card
P.O. Box 41021
Norfolk, VA 23541

Rushmore Loan Management
PO Box 55004
Irvine, CA 92619

Sprint
PO Box 4191
Carol Stream, IL 60197

Titlemax of IL
1143 S. Lee St.
Des Plaines, IL 60018

United Electric
PO Box 247
Clyman, WI 53016

Veros Credit
PO Box 11914
Santa Ana, CA 92711-1914

WI Dells Water and Light Utility
300 Lacrosse St.
Wisconsin Dells, WI 53965